UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFFORD DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-cv-00274-MKK-JRS |
| DELAWARE COUNTY SHERIFF TONY SKINNER, *et al.*, | ) |
| Defendants. | ) |

### ORDER

This matter comes before the Court on the Defendants' Motion for Partial Judgment on the Pleadings, Dkt. [26]. For the reasons set forth below, this Court, having fully reviewed the matter, hereby **GRANTS IN PART** and **DENIES IN PART** the present motion.

I.     Background[1]

In this case, Plaintiff filed his Complaint in Delaware County Circuit Court on January 7, 2022, alleging that eleven individual Defendants and the City of Muncie violated his constitutional rights during his incarceration at the Delaware County Jail. (Dkt. 1-2).[2] Specifically, Plaintiff alleges that on February 14, 2021, Defendant Walker handcuffed Plaintiff too tightly, while Defendant Cardinal "shoved Plaintiff violently into the van" and Defendant Walters "grabbed the

---

[1] In the Plaintiff's response brief, he agrees to dismiss all claims against Defendants Curtis, Pagel, and Roberts. (Dkt. 31 at 1). The Court will only address facts as to those Defendants as needed.
[2] The Court must take all facts pleaded in the Complaint as true and draw all reasonable inferences and facts in favor of Plaintiff. *See infra.*

shackles on Plaintiff's leg and squeezed as tightly as he could cutting off circulation to Plaintiff's left leg." (Dkt. 1-2 at 2-3).

After Plaintiff arrived at the Delaware County Jail, Defendants Cardinal and Walters "began assaulting Plaintiff including bending his leg in such a way so as to inflict pain." (*Id.* at 3.). Defendants Cardinal and Walters also punched Plaintiff "in the face several times without reason and for the sole purpose of gratuitously causing Plaintiff pain." (*Id.*). During this alleged assault, Defendants Walthour and Skinner "were personally present and did nothing to prevent the assault, even though they had a meaningful opportunity to intervene" "while Plaintiff was being choked and punched while in handcuffs and in shackles." (*Id.*). At some point while at the Delaware County Jail, "Plaintiff was denied medical care by Officer Hannis and Officer Rowe and Officer Keppler." (*Id.*). "Officer Bowman also refused Plaintiff medical care and falsely claimed that Plaintiff was throwing food at officers." (*Id.*).

Defendants removed the case to this Court on February 7, 2022. (Dkt. 1). All individual Defendants filed their answer on February 10, 2022, (Dkt. 3), and the City of Muncie filed its answer on February 14, 2022, (Dkt. 6). The City of Muncie was dismissed by agreement of the parties on February 28, 2022. (Dkts. 9, 10).

On September 26, 2022, the individual Defendants filed the present Motion for Judgment on the Pleadings, seeking dismissal of a number of Plaintiff's claims. (Dkt. 26). Their brief in support of said motion was filed on October 4, 2022. (Dkt. 27). Plaintiff filed a response on October 17, 2022, (Dkt. 31), and Defendants filed a reply on October 21, 2022, (Dkt. 32).

## II. Legal Standard

Motions for judgment on the pleadings are brought under Federal Rule of Civil Procedure 12(c), which tests the sufficiency of claims based on the pleadings. Fed. R. Civ. P. 12(c). "Pleadings 'include the complaint, the answer, and any written instruments attached as exhibits.'" *Federated Mut. Ins. Co. v. Coyle Mech. Supply Co.*, 983 F.3d 307, 312-13 (7th Cir. 2020) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). The standard is nearly identical to that for a motion to dismiss; the "only difference . . . is timing." *Id.* at 313.

The Court will grant a motion for judgment on the pleadings if "it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position . . . ." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020); *see also Federated*, 983 F.3d at 313 ("the moving party must demonstrate that there are no material issues of fact to be resolved") (quoting *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452)). In making its decision, the Court must take all facts pleaded in the complaint as true and "draw all reasonable inferences and facts in favor of the nonmovant." *Wagner v. Teva Pharmaceuticals USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016). At this stage, Plaintiff must only present a "claim to relief that is plausible on its face." *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018) (quoting *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017)). He need not include every detail, but rather "only needs to include 'enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Catinella v.*

3

*County of Cook*, 881 F.3d 514, 516 (7th Cir. 2018)). "District courts should not allow motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case." *Federated*, 983 F.3d at 313.

### III. Analysis

As an initial matter, Plaintiff has agreed not to proceed on any claims against Defendants Curtis, Pagel, or Roberts. (Dkt. 31 at 1). As such, the Court will not address arguments as to those Defendants, and those claims shall be dismissed. The Court will address the remainder of Defendants' arguments in turn.

*i. Fourth and Eighth Amendment Claims*

First, Defendants argue that Plaintiff has no Fourth or Eighth Amendment claim against any of the Defendants because he was neither an arrestee nor a convicted prisoner at the time of the incidents bringing rise to this lawsuit. (Dkt. 27 at 4-5; Dkt. 32 at 2-6). Plaintiff maintains in response that a determination of his status at the Delaware County Jail "come[s] down to questions of evidence and of disputed facts," and so Defendants' motion should be denied at this time. (Dkt. 31 at 5).

Defendants are correct that generally speaking (a) the Fourth Amendment applies at the time of an arrest and until an arrestee has benefitted from a judicial determination of probable cause, (b) the Fourteenth Amendment's due process clause applies to pretrial detainees, and (c) the Eighth Amendment applies after a conviction. (Dkt. 27 at 4; Dkt. 32 at 5). However, the Seventh Circuit has confirmed that the outlines of when the Fourth Amendment protection ends, and the

Fourteenth Amendment protection begins, are not always clear. *See Mitchell v. Doherty*, 37 F.4th 1277, 1284 (7th Cir. 2022) ("When exactly the [Fourth] amendment recedes—and other constitutional protections might begin—remains unanswered."). As such, it is possible that Plaintiff could put forward plausible claims under each of the three amendments, depending on his status at the time of the allegations in question.

At this stage, Plaintiff indicates that his status is in dispute (and potentially unknown or unclear at the time he filed his response in October 2022). (Dkt. 31 at 5). It can be inferred from the Complaint that at the time of events at issue, he fell into one or more of the possible categories: arrestee; detainee; or convicted.

Defendants urge the Court to look beyond the pleadings to answer the question of Plaintiff's status. But the language of their opening brief seems to recognize at least some degree of uncertainty. (*See* Dkt. 27 at 5 ("*Surely* during this time, Mr. Davis had benefitted from a judicial determination of probable cause.") (emphasis added)). Defendants quickly pivot away from this ambiguity, however, and cite to the docket of a Delaware County criminal case in which Plaintiff was charged and "incarcerated . . . at all times relevant to the complaint." (*Id.*). That docket shows, they assert, that the Plaintiff "had an initial hearing on January 4, 2021," at which time a probable cause determination must have been made, assuming adherence to Indiana Code. (Dkt. 32 at 4-5). Plaintiff objects to this conclusion and the assumption of procedural adherence, noting that "timely probable cause determinations have not always been a consistent occurrence in

5

Indiana." (Dkt. 31 at 5).

While the docket cited to by Defendants certainly gives the impression that a probable-cause determination was held in that particular case, it does not definitively answer that question. Nor is it difficult to imagine a scenario where an individual was detained on more than one matter and therefore potentially fell into different detention categories for each case.

Because the Court is required to view all facts and inferences in favor of the Plaintiff here, the Court must conclude that a material issue of fact remains to be resolved, *i.e.*, Plaintiff's status at the operative times. Therefore, judgment as to Plaintiff's Fourth and Eighth Amendment claims is premature at this time. Accordingly, Defendants' motion is **DENIED** as to Plaintiff's Fourth and Eighth Amendment claims.

Plaintiff is cautioned, however, that he will likely need additional factual material to survive a summary judgment motion.

*ii. Claims Against Defendants Keppler, Bowman, and Rowe*

Next, Defendants Keppler, Bowman, and Rowe assert that no Eighth Amendment claim exists, and that Plaintiff has failed to state a plausible claim against them for inadequate medical care under the Fourteenth Amendment[3]. (Dkt. 27 at 7-8; Dkt. 32 at 6-7). As noted previously, however, the Court is permitting the

---

[3] In the reply brief, Defendants also argue that Plaintiff's First Amendment claim against these Defendants should be dismissed. (Dkt. 32 at 7). However, new arguments that could have been raised in the initial brief may not be raised for the first time in a reply brief. *See GEFT Outdoor, L.L.C. v. City of Westfield*, 491 F. Supp. 3d 387, 396 (S.D. Ind. 2020). Accordingly, the Court will not consider Defendants' First Amendment argument at this time.

6

Plaintiff's Eighth Amendment claims to survive at this time because a material issue of fact exists as to Plaintiff's status while in the Delaware County Jail during the incidents in question.

Plaintiff's Fourteenth Amendment claims will proceed as well. As a starting point, these allegations are sufficient to allege that Plaintiff had a serious medical need. Defendants do not appear to argue to the contrary. Rather, they claim that the Complaint fails to put them on notice of the particularities of each claim. (Dkt. 27 at 7).

To be sure, Defendants are correct that they are each "entitled to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). But this is not a case where the Complaint rests on "a theory of collective responsibility." *Id*. Rather, Plaintiff specifies which Defendants failed to provide care, at least to a degree sufficient to satisfy the pleading standard applicable here.

Plaintiff has alleged that he was punched and choked while he was handcuffed and shackled, thrown violently into a vehicle, and had his leg squeezed so tightly that circulation was cut off, and that Defendants Keppler, Bowman, and Rowe refused to provide him medical care. Although the Complaint itself does not detail when or in what manner care was denied, a reasonable inference can be drawn in favor of Plaintiff that Defendants denied Plaintiff's request(s) for assistance after the alleged assault. This inference is strengthened by the handwritten filing attached to the Complaint that alleges specific actions – or

7

inaction – taken by Defendants Rowe, Keppler, and Bowman, (Dkt. 1-2 at 9). *See N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452 ("Rule 12(c) permits a judgment based on the pleadings alone," which "include the complaint, the answer, and any written instruments attached as exhibits").

At this stage of the litigation, Plaintiff has presented a sufficient claim for inadequate medical care. Again, however, this is not to say that this claim would survive a summary judgment motion. Rather, the Court is merely concluding that Plaintiff has met the relatively low bar of providing sufficient facts at this motion to dismiss stage. This conclusion is reinforced by the fact that Plaintiff's status at the Delaware County Jail is still disputed, which will in turn affect what standard the Court will eventually use to evaluate the sufficiency of his claims. For these reasons, Defendants' motion as to inadequate medical care claims is denied.

*iii. Failure to Intervene Claims*

Next, Defendants Skinner and Walthour argue that the failure to intervene claims against them should be dismissed. (Dkt. 27 at 9-10; Dkt. 32 at 7-8). Specifically, Defendants maintain that failure to intervene claims are not consistent with Supreme Court precedent. Citing to a recent Seventh Circuit concurrence speculating as much, Defendants urge the Court to find that these claims fail as a matter of law. (Dkt. 27 at 9-10; Dkt. 32 at 8). Alternatively, Defendants argue that the Plaintiff has failed to plead this claim with certainty. (Dkt. 27 at 10).

At this time, the Seventh Circuit has recognized failure to intervene cases when an officer (who is present) knows "that a citizen's rights are being infringed"

and has "a realistic opportunity to intervene." *Doxtator v. O'Brien*, 39 F.4th 852, 864-65 (7th Cir. 2022). The Complaint alleges that Defendants Walthour and Skinner "were personally present and did nothing to prevent the assault, even though they had a meaningful opportunity to intervene." (Dkt. 1-2 at 3). Nothing more is required at this stage. Accordingly, Defendants' motion as to the failure to intervene claims is denied.

### *iv. Qualified Immunity*

Finally, Defendants Skinner, Walthour, Keppler, Bowman, and Rowe assert that they are entitled to qualified immunity because Plaintiff "cannot establish from his Complaint that *each* individual defendant . . . violated his clearly established Fourteenth Amendment rights." (Dkt. 27 at 12-13 (emphasis in original); *see also* Dkt. 32 at 9-10).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "A state official is protected by qualified immunity unless the plaintiff shows: '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Kemp v. Liebel*, 877 F.3d 346, 350–51 (7th Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

Because a qualified immunity defense turns so much "on the facts of the

case," a "complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). The plausibility standard applicable at this stage of the litigation "creates tension . . . between developing the requisite facts for a well-informed qualified immunity determination and preserving a government official's right to avoid the burdens of pretrial matters, including discovery." *Reed*, 906 F.3d at 548.

As noted previously, the status of Plaintiff during his time in the Delaware County Jail is a disputed fact at this time. As such, it cannot be determined whether Defendants are entitled to an affirmative defense of qualified immunity on Plaintiff's Fourteenth Amendment claims, because it is not yet decided whether the Fourteenth Amendment is the appropriate standard to apply on these facts.

Whether Plaintiff can prove his allegations remains to be seen. And this order should not be read to say that Defendants can never be found entitled to qualified immunity. But at this stage of the litigation, the disputed status of Plaintiff prevents such a finding. Accordingly, Defendants' motion as to qualified immunity is denied.

As a final point, the Court notes that although Plaintiff states he is proceeding on his claims against the "Delaware County Sheriff," (Dkt. 31 at 2), the Complaint contains no allegations against the Sheriff in his official capacity, and neither the caption of the case nor the parties' submitted and approved case management plan (CMP) contain reference to the Sheriff in his official capacity. If Plaintiff wishes to proceed with an official capacity claim, that issue will need to be

resolved **within fourteen (14) days** of this Order.

### IV. Conclusion

For the reasons stated herein, Defendants' Motion for Partial Judgment on the Pleadings, Dkt. [26], is **GRANTED IN PART** and **DENIED IN PART**.

Because Plaintiff has agreed to voluntarily dismiss claims against Defendants Curtis, Pagel, and Roberts, (Dkt. 31 at 1), Defendants' motion as to the claims against these three Defendants is **GRANTED**, all claims against Defendants Curtis, Pagel, and Roberts are **DISMISSED,** and the Clerk is directed to terminate these parties from the docket.

In all other respects, Defendants' motion is **DENIED**.

The parties are ordered to file their Statement of Claims or Defenses within fourteen (14) days of this Order. As noted in the CMP, doing so requires that "consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based." (Dkt. 15 at 4).

So ORDERED.

Date: 2/16/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email